## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELODY OF THE FAMILY ELLBERGER and DANIEL OF THE FAMILY LEEPER : | |
| : | CIVIL ACTION |
| *Plaintiffs* : | |
| : | NO. 3:19-cv-726 |
| v. : | |
| : | |
| PIERRE GUICHARDAN *et al.* : | |
| : | |
| *Defendants* : | |

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S COMPLAINT FILED ON BEHALF OF DEFENDANTS, HONORABLE ROGER NANOVIC, HONORABLE JOSEPH C. ADAMS, HONORABLE KATHLEEN J. PRENDERGAST, CARBON COUNTY DOMESTIC RELATIONS SECTION, BRIDGET JOHNSTON, PIERRE GUICHARDAN, RACHEL MOYER, GREG ARMSTRONG, YORK COUNTY DOMESTIC RELATIONS SECTION, THERESA K. GROSS, STEPHANIE H. MESSMAN AND PAMELA NORRIS (IDENTIFIED AS PAMELA DOE)

## I.    INTRODUCTION

Plaintiffs filed this action against numerous Defendants including, *inter alia*, Honorable Roger Nanovic, Honorable Joseph C. Adams, Honorable Kathleen J. Prendergast ("Judicial Defendants"), Carbon County Domestic Relations Section ("CCDRS"), CCDRS Director Bridget Johnston, CCDRS Assistant DRS Director Pierre Guichardan, CCDRS Officer Rachel Moyer, Carbon County District Court Administrator Greg Armstrong, York County Domestic Relations Section ("YCDRS"), YCDRS Director Theresa K. Gross, YCDRS Assistant Director Stephanie H. Messman and YCDRS Intake Supervisor Pamela Norris (identified as Pamela Doe) ("DRS Defendants")(collectively "Court Defendants"), to whom they refer as "Contractors."

Plaintiffs fail to set forth factual allegations against Court Defendants, instead claiming generally that Plaintiff Ellberger's constitutional rights were violated, presumably pursuant to the civil rights enabling statute, 42 U.S.C. § 1983, when she was issued a marriage license in York County in 2000 and was divorced in Carbon County in 2018. They allege that they were not given notice that the mere fact of getting married and divorced would lead to the deprivation of constitutional rights.

Plaintiffs' Complaint is difficult to comprehend, but appears to claim that Court Defendants took the money that Plaintiffs spent to obtain a marriage and a divorce for the purpose of reaping federal IV-D funds and separating them from their personal property. They allege that in October of 2018, all Defendants "conspired and fabricated a false default on the divorce decree and began sending" unsolicited text messages, telephone calls and mail, thereby subjected them to harassment and undue stress and depression which manifested in physical symptoms that necessitated medical treatment.   (Cmplt. III.C.; IV)

The Complaint's sole allegation pertaining to any of the individual Court Defendants is against Carbon County Assistant DRS Director Pierre Guichardan, who they claim "has stated to Plaintiff Melody that he has no evidence that Plaintiff Melody agreed to services nor has her signature agreeing to service or on any documentation to date." (Cmplt. III.C.)

Plaintiffs' prayer for relief is for compensatory money damages for out-of-pocket loss in the amount of $1066.00 as well as for emotional distress, damage to their reputations, stress, missed work, ongoing medical treatment and punitive damages. Court Defendants file this Motion to Dismiss on the grounds that this Honorable Court lacks subject matter jurisdiction for

the reasons set forth below, including Eleventh Amendment immunity, the impropriety of the

requested equitable relief and principles of federalism and comity.

## II.     LEGAL ARGUMENT

### A.     PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The vague, general allegations of Plaintiffs' Complaint fail to set forth a legally

cognizable claim upon which relief can be granted, or factual substance from which to discern

any viable claim over which jurisdiction could be exercised.  Federal Rule of Civil Procedure

8(a), which governs the standard for pleading a claim for relief, requires a plaintiff to allege

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 6780 (2009)(explaining that a

complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual

enhancement,'" quoting *Twombly* at 557.

To comply with Fed. R.Civ.P. 8, a complaint must contain sufficient factual allegations

on its face to state a claim for relief.  *Ashcroft v. Iqbal, supra.*  A claim has facial plausibility

when the plaintiff pleads factual content that allows a Court to draw the reasonable inference that

the defendant is liable for the alleged misconduct. *Bell Atlantic v. Twombly, supra.* at 556; *Lopez

v. Beard*, 333 Fed. Appx. 685, 687 (3d Cir. 2009).  If the facts pleaded do not allow a Court to

infer more than the mere possibility of misconduct, the complaint has failed to show that the

plaintiff is entitled to relief.  *Id.*  Mere "threadbare recitals" of the elements of a cause of action

supported by conclusory allegations are insufficient. *Fowler v. UPMC Shadyside*, 578 F.3d 203,

210 (3d Cir. 2009)

The plausibility standard is akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Twombly*, 550 U.S. at 557.

Here, even if Court Defendants were not protected by immunity as set forth below, Plaintiffs' Complaint is inadequate, as their allegations are incomplete, general and vague, and fail to put Court Defendants on notice of the charges against which they must defend. They fail to plead factual content that would allow the Court to draw the reasonable inference that Court Defendants are liable to them for any misconduct, or that their constitutional rights have somehow been violated. See *Silverstein v. Percudani*, 207 Fed. Appx. 228, 239-40 (3d Cir. 2006); *In re Adolor Corp. Securities Litigation*, 616 F. Supp. 551, 564 (E.D. Pa. 2009).

The only specific allegation in the Complaint is against Assistant DRS Director Pierre Guichardan, that he "stated to Plaintiff Melody that he has no evidence that Plaintiff Melody agreed to services nor has her signature agreeing to service or on any documentation to date." That statement is vague, confusing and fails to set forth a claim cognizable in this Honorable Court. Plaintiffs' Complaint is not sufficient to meet the requisite pleading standards, and fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Fed. R.Civ.P. 8(a)(2). Dismissal is appropriate, *Baur v. Wertheimer*, 527 Fed. Appx. 99 (3d Cir. 2013), and amendment would be futile in light of the legal defenses set forth herein.

**B.   PLAINTIFFS' CLAIMS AGAINST COURT DEFENDANTS ARE BARRED BY THE IMMUNITY AFFORDED BY THE ELEVENTH AMENDMENT**

**1.   DRS Defendants**

The Domestic Relations Sections are entities of the Carbon and York County Courts of Common Pleas, which are part of the Unified Judicial System of Pennsylvania pursuant to 42 Pa. C.S. § 301(4). The Pennsylvania Constitution identifies all state courts as part of the Commonwealth of Pennsylvania. Pa. Const. Art. V §§ 1, 5, 6(c), 10(a). The term "Commonwealth government" includes "the courts and other officers or agencies of the unified judicial system." 42 Pa. C.S. §102. See also *Benn v. First Judicial District*, 426 F.3d 233, 239-40 (3rd Cir. 2005); *Callahan v. City of Philadelphia*, 207 F3d 668, 672 (3d Cir. 2000).

The Eleventh Amendment to the United States Constitution acts as a bar to actions in federal Court to suits against states, state agencies, and state officials acting within the scope of their official capacities, <u>regardless of the type of relief sought</u>. See *Kentucky v. Graham*, 473 U.S. 159, 165-167 (1985); *Laskaris v. Thornburgh*, 661 F.2d 23 (3rd Cir. 1981). In *Benn v. First Judicial District, supra.,* citing *Pennhurst State School v. Haldeman*, 465 U.S. 89, 100 (1984) and *Hans v. Louisiana*, 134 U.S. 1 (1890), the Third Circuit Court of Appeals definitively ruled that Pennsylvania's Courts constitute Commonwealth entities entitled to federal Eleventh Amendment immunity.

With regard to the named individual DRS officers, under federal law, a suit against a state official in his or her official capacity is deemed a suit against the state. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). When a state official is sued in an official capacity, the United States Supreme Court has held that the real party in interest is the government entity of which the official is an agent. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). Hence, Plaintiffs' official

capacity suit against DRS Defendants is in actuality a suit against the Domestic Relations

Sections of the Court of Common Pleas of Carbon County, a state entity entitled to Eleventh

Amendment immunity.

Because DRS Defendants are components and employees of the Commonwealth of

Pennsylvania, all civil rights claims against them are subject to the Eleventh Amendment. See

*Chilcott v. Erie Co. Domestic Relations*, 283 Fed. Appx. 8, 10 (3d Cir. 2008)("the District Court

properly dismissed the suit against the Erie County Domestic Relations Section of the Erie

County Court of Common Pleas because the Eleventh Amendment of the United States

Constitution protects an unconsenting state or state agency from a suit brought in federal court

by one of its own citizens.") See also *Alabama v. Pugh*, 438 U.S. 781 (1978)(the Eleventh

Amendment bars a civil rights suit in federal Court that names the state as a defendant, even a

claim seeking injunctive relief).

1 Pa. C.S. §2310 provides that "the Commonwealth and its officials and employees

acting within the scope of their duties, shall continue to enjoy sovereign and official immunity

and remain immune from suit except as the General Assembly shall specifically waive the

immunity." (Emphasis added.) See also, 42 Pa. C.S. § 8521. Pennsylvania has not waived its

Eleventh Amendment immunity. See *Laskaris v. Thornburgh, supra.* at 25. For this reason,

state entities of this Commonwealth are not subject to the waiver exception to immunity, but

rather are entitled to full protection under the Eleventh Amendment.

Although Congress may abrogate Eleventh Amendment immunity if it unequivocally

expresses the intention to do so under a valid exercise of power, the United States Supreme

Court has repeatedly held that Section 1983 does not abrogate Eleventh Amendment immunity.

See *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989); *Koslow v. Pennsylvania*, 302 F.3d 161 (3rd Cir. 2002)

DRS Defendants are entitled to immunity under the Eleventh Amendment, as immunity applies to judicial officers other than judges if the official's action is performed in the performance of a function otherwise closely allied with the judicial process or under the direction of a judge. *Waits v. McGowan*, 516 F.2d 203, 205-06 (3rd Cir. 1975). Thus, the claims against all DRS Defendants in this case are properly dismissed pursuant to Eleventh Amendment immunity. The Eleventh Amendment prohibits subject matter jurisdiction in this case, *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690 (3d Cir. 1996), and Plaintiffs are precluded from maintaining their purported claim against DRS Defendants.

### 2. Judicial Defendants

President Judge Nanovic is a presiding judicial officer of the Carbon County Court of Common Pleas. President Judge Adams and Judge Prendergast are judicial officers of the York County Court of Common Pleas. Pennsylvania's Courts and their judges are state entities entitled to Eleventh Amendment immunity from suits against them in federal Court. The term "Commonwealth government" includes "the courts and other officers or agencies of the unified judicial system," 42 Pa. C.S. §102. The Commonwealth of Pennsylvania is a sovereign that has not expressly waived its Eleventh Amendment immunity. 42 Pa. C.S. § 8521(b).

As set forth above, a suit against a state official in his or her official capacity is deemed a suit against the state. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Hafer v. Melo*, 502 U.S. 21, 26 (1991). Hence, Plaintiffs' official capacity suit against Judicial Defendants is actually a

suit against the Courts over which they preside, state entities entitled to Eleventh Amendment immunity.

Without question, Pennsylvania judges in their official capacities are immune from suit under the Eleventh Amendment. See *Figueroa v. Blackburn*, 208 F.3d 435 (3rd Cir. 2000)(holding that all judges of general and limited jurisdiction are immune from suit.) Judges are immune from suit if they perform a function normally performed by a judge and if the parties have dealt with the judge in his or her judicial capacity, which is operative here. *Gallas v. Supreme Court*, 211 F.3d 760, 770 (3rd Cir. 2000)

## C.   COURT DEFENDANTS ARE NOT "PERSONS" UNDER SECTION 1983

Plaintiffs' claims against DRS Defendants and Judicial Defendants are properly dismissed because they are not subject to suit under the civil rights enabling statute, 42 U.S.C. § 1983. A plaintiff bringing a cause of action under Section 1983 must demonstrate that "a person" acting under color of law deprived him of a federal right. *Id.* at 633. As stated above, suit against a state official in his or her official capacity is deemed a suit against the state. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Plaintiffs' official capacity suit is therefore a suit against the Carbon and York County Courts of Common Pleas, state entities entitled to Eleventh Amendment immunity.

As set forth above, Domestic Relations Sections are part of the Courts of Common Pleas, which in turn are part of the Unified Judicial System of Pennsylvania pursuant to 42 Pa. C.S. § 301(4). As such, they are state entities, which are not "persons" under Section 1983 and cannot be sued under the civil rights statute. See *Callahan v. City of Philadelphia*, 207 F.3d 668, 672 (3d Cir. 2000)(Warrant Division and Eviction Unit of the Court of Common Pleas and the

Municipal Court Eviction Unit of the First Judicial District are state government entities which did not constitute "persons" under 42 U.S.C. § 1983). Accordingly, any Section 1983 claims against DRS Defendants are properly dismissed.

With regard to Judicial Defendants, as set forth above, because Plaintiffs' official capacity suit against them constitutes suit against the Court over which they preside, which is not "a person" for purposes of a Section 1983 lawsuit. See *Callahan v. City of Philadelphia et al., supra.; Will v. Michigan Department of State Police*, 491 U.S. 58, 63 (1989).

### D.   IN THEIR INDIVIDUAL CAPACITIES, JUDICIAL DEFENDANTS ARE ENTITLED TO JUDICIAL IMMUNITY AND DRS DEFENDANTS TO QUASI-JUDICIAL IMMUNITY

#### 1.   Judicial Defendants

A judge is immune from liability for all acts taken in his or her judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). Judicial immunity is not only immunity from damages, but also immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (U.S. 1991). A "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356.

Judicial immunity is not forfeited because a judge committed "grave procedural errors," or because a judge has conducted a proceeding in an "informal and ex parte" manner. *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2005). Immunity will not be lost merely because the judge's action is "unfair" or controversial. *Id.* A judge is immune even if the acts were committed during an alleged conspiracy. *Dennis v. Sparks*, 449 U.S. 24 (1980).

In *Bradley v. Fisher*, 80 U.S. 335 (1872), the Supreme Court established the principle that "a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id.* at 347. The doctrine of judicial immunity applies to Section 1983 civil rights claims. *Id.; Corliss v. O'Brien*, 2005 U.S. Dist. LEXIS 42333 (M.D. Pa. 2005), aff'd 200 Fed. Appx. 80 (3rd Cir. 2006). Judges are immune from liability when the judge has jurisdiction over the subject matter and s/he is performing a judicial act. *Stump*, 435 U.S. at 356.

Here, Plaintiffs' Complaint, which contains no allegations as to Judicial Defendants, appears to challenge them in their roles as judges and in the context of judicial duties. Even if it is accepted as true at this stage of the proceedings that their actions, procedures, rulings or decisions were in error, however, because the allegations against them concern their judicial function, they are immune from suit and any claims against them in their individual capacities are properly dismissed, with prejudice. *Stump* at 356; *Azubuko v. Royal*, 443 F.3d 302, 303 (2006).

### 2.    DRS Defendants

Quasi-judicial immunity has been extended to bar actions against court personnel such as court clerks, prothonotaries, those who function at a judge's direction and those who perform a quasi-judicial function. *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 772-73 (3d Cir. 2000); see also *McKnight v. Baker*, 415 F. Supp. 2d 559, 563 n.6 (E.D. Pa. 2006). Quasi-judicial immunity from suit is available to those who "perform functions closely associated with the judicial process." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993); *Cleavinger v. Samaar*, 474 U.S. 193, 200 (1985); *De Ferro v. Coco*, 719 F. Supp. 379, 381 (E.D. Pa.

1989)(absolute immunity extends to protect non-judicial officials whose activities are integrally related to the judicial process); *Davis v. Philadelphia County et al.*, 195 F.Supp.2d 686, 689 (E.D. Pa. 2002)(quasi-judicial immunity applies to court staff, such as clerks of judicial records).

Hence, Court employees who act as an extension of the Court are entitled to immunity, which extends to quasi-judicial officials whose activities are integrally related to the judicial process, such as DRS Defendants. *Gonzales v. Clerk of Courts of Berks County*, 1991 U.S. Dist. LEXIS 9814, (E.D. Pa. 1991); *Winston v. Pavlock*, 2011 U.S. Dist. LEXIS 75350 (W.D. Pa. 2011) As their job titles suggest, there can be no question but that the Domestic Relations Sections of the York and Carbon County Courts of Common Pleas and their employees and officers function in the performance of duties that constitute an integral part of the judicial process. Accordingly, Plaintiff has no viable claim against DRS Defendants since they are entitled to quasi-judicial immunity.

Additionally, DRS Defendants are entitled to qualified immunity, which shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights . . . ." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1945-46 (U.S. 2009). The primary purpose of affording public officials the privilege of qualified immunity, thus insulating them from suit, is to protect them "from undue interference with their duties and from potentially disabling threats of liability." *Wright v. City of Philadelphia*, 409 F.3d 595, 599 (3d Cir. 2005).

E.   **PLAINTIFFS' REQUEST FOR EQUITABLE RELIEF IS IMPROPER PURSUANT TO PRINCIPLES OF FEDERALISM AND COMITY**

Plaintiffs request that this Honorable Court terminate the federal IV-D case, enjoin further IV-D collection activities and remove IV-D entries from three credit reporting agencies. It thus appears that Plaintiffs ask this Court to issue Orders that impact non-parties to this lawsuit, which would obviously constitute a complete deprivation of due process of law.

Plaintiffs also ask this Court to intervene in state Court proceedings and compel that Court to take certain actions. These requests for relief violate principles of federalism and comity. See *Lui v. Comm'n on Adult Entm't Establishments of Del.*, 369 F.3d 319, 326 (3rd Cir. 2004); *In re General Motors Corp. Pick-Up Truck Fuel Tank Products*, 134 F.3d 133, 143 (3d Cir. 1998). This Court will not compel action by state entities or officials, or take over decisions that are properly decided by the state Courts.

Pursuant to 28 U.S.C. § 1361, federal district Courts have jurisdiction over actions seeking to compel federal, not state, officers and employees to perform ministerial duties. *Steinberg v. Supreme Court of Pa.*, 2009 U.S. Dist. LEXIS 49980, 83-84 (W.D. Pa. 2009); *Lebron v. Armstrong*, 289 F.Supp.2d 56, 58 (D. Conn. 2003); *Robinson v. People of the State of Illinois*, 752 F. Supp. 248, 248-49 (N.D. Ill. 1990)("Federal courts have no general power to compel action by state officers . . ."). See also *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988).

Plaintiffs' request to have this Court interfere with the proceedings in state Court violates principles of federalism and comity. See *In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation, supra.; In re Brown*, 382 Fed. Appx. 150, 150-51 (3rd Cir. 2010), citing *In re Tennant*, 359 F.3d 523, 531, 360 U.S. App. D.C. 171 (D. C. Cir. 2004); see also *Hoey v. Toprani*, 285 Fed. Appx. 960, 961 (3d Cir. 2006).

## F.  PLAINTIFF'S COMPLAINT FAILS TO PRESENT A COGNIZABLE CLAIM FOR CONSPIRACY UPON WHICH RELIEF CAN BE GRANTED

In order to state an adequately specific conspiracy claim, a plaintiff must plead with particularity the "circumstances" of the alleged wrongdoing in order to place the defendants on notice of the precise misconduct with which they are charged.  Only allegations of conspiracy which are particularized, such as those addressing (1) the period of the conspiracy, (2) the object of the conspiracy, and (3) certain actions of the alleged conspirators taken to achieve that purpose, will be deemed sufficient. *Labalokie v. Capitol Area Intermediate Unit*, 926 F. Supp. 503, 508-09 (M.D. Pa. 1996) (quoting *Rose v. Bartle*, 871 F.2d 331, 366 (3d Cir. 1989).  The Third Circuit has set forth the three criteria required for a plaintiff to set forth a civil rights conspiracy claim:  (1) the conduct that violated the plaintiff's rights; (2) the time and place of the conduct; and (3) the identity of the officials responsible for the conduct. Simon v. Tennis, 437 Fed. Appx. 60 LEXIS 14409 (3rd Cir. 2011).

"A plaintiff must therefore allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right . . . Where a civil rights conspiracy is alleged, there must be specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity." *Matthews v. Beard*, 2012 U.S. Dist. LEXIS 82650 (W.D. Pa. 2012).  See also *Young v. Kann*, 926 F.2d 1396, 1405 n. 16 (3rd Cir. 1991)(a plaintiff cannot rely on subjective suspicions and unsupported speculation in a complaint alleging a civil rights conspiracy); *Capogroso v. Supreme Court of New Jersey*, 588 F.3d 180 (3rd Cir. 2009).

Here, Plaintiff claims in a conclusory fashion that all Defendants conspired, but fails to set forth any factual allegations in support of that claim. No averments pertain to the conduct that constituted conspiratorial action or violated Plaintiffs' rights, any actions of the alleged conspirators taken to achieve that purpose, or as to the time and place of that conduct. Thus, even if immunity did not protect Court Defendants from suit under the civil rights laws, which it clearly does, Plaintiffs have failed to allege facts that could potentially prove a civil rights conspiracy.

## III.    **CONCLUSION**

For the foregoing reasons, Defendants, Honorable Roger Nanovic, Honorable Joseph C. Adams, Honorable Kathleen J. Prendergast, Carbon County Domestic Relations Section, Bridget Johnston, Pierre Guichardan, Rachel Moyer, Greg Armstrong, York County Domestic Relations Section, Theresa K. Gross, Stephanie H. Messman and Pamela Norris (identified as Pamela Doe), respectfully request that this Honorable Court dismiss Plaintiffs' Complaint as to them, with prejudice.

Respectfully submitted,

**/s/ Martha Gale**
**MARTHA GALE, ESQUIRE**
Attorney I.D. No. PA 22190
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6300, Fax: (215) 560-5486

*Attorney for Defendants, Honorable Roger Nanovic, Honorable Joseph C. Adams, Honorable Kathleen J. Prendergast, Carbon County Domestic Relations Section, Bridget Johnston, Pierre Guichardan, Rachel Moyer, Greg Armstrong, York County Domestic Relations Section, Theresa K. Gross, Stephanie H. Messman and Pamela Norris (identified as Pamela Doe)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MELODY OF THE FAMILY ELLBERGER and  :
DANIEL OF THE FAMILY LEEPER          :
                                     :      CIVIL ACTION
         *Plaintiffs*                 :
                                     :      NO. 3:19-cv-726
    v.                             :
                                     :
PIERRE GUICHARDAN *et al.*            :
                                     :
         *Defendants*                 :

### **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on May 31, 2019, she personally caused

to be served upon the following a true and correct copy of the foregoing *Motion to Dismiss*

*Plaintiffs' Complaint and Brief in Support of Motion* via CM/ECF to Pro Se Plaintiffs and all

counsel of record.

                **/s/ Martha Gale**
                **MARTHA GALE, ESQUIRE**
                Attorney I.D. No. PA 22190
                Supreme Court of Pennsylvania
                Administrative Office of PA Courts
                1515 Market Street, Suite 1414
                Philadelphia, PA 19102
                legaldepartment@pacourts.us
                (215) 560-6300, Fax: (215) 560-5486
                *Attorney for Defendants, Honorable Roger*
                *Nanovic, Honorable Joseph C. Adams, Honorable*
                *Kathleen J. Prendergast), Carbon County*
                *Domestic Relations Section, Bridget Johnston,*
                *Pierre Guichardan, Rachel Moyer, Greg*
                *Armstrong, York County Domestic Relations*
                *Section, Theresa K. Gross, Stephanie H. Messman*
                *and Pamela Norris (identified as Pamela Doe)*